Filed 11/6/13  P. v. Carrell CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JERRY DONNELL CARRELL,<br><br>    Defendant and Appellant. | B249690<br><br>(Los Angeles County<br>Super. Ct. No. YA031380) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

On May 1, 2013, defendant and appellant, Jerry Donnell Carrell, filed in the Los Angeles Superior Court a petition for writ of habeas corpus in which he argued the trial court had erred by denying the petition with prejudice based on the fact Carrell did not qualify for recall of his sentence and resentencing pursuant to Penal Code[1] section 1170.126. We affirm the trial court's order.[2]

### FACTUAL AND PROCEDURL HISTORY

Following a jury trial held in December 1996, Carrell was found guilty of possessing .70 grams of a substance containing cocaine base in violation of Health and Safety Code section 11350, subdivision (a). Carrell then admitted previously having been convicted of three felonies within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The unpublished appellate opinion filed in this matter, *People v. Carrell* (June 2, 1998, B115946),[3] indicates Carrell admitted having a 1987 conviction of forcibly committing a lewd or lascivious act upon a child under the age of 14 years (§ 288, subd. (b)), a 1983 conviction for robbery (§ 211) and a 1978 conviction for rape (former § 261.2).

The opinion notes that the probation report filed in this matter indicated Carrell previously had been convicted of another count of committing a lewd or lascivious act

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    We consider the matter as an appeal from an "order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).)

[3]    Pursuant to Evidence Code section 459, subdivision (a), we take judicial notice of this court's opinion in the case.

upon a child under 14 years of age (§ 288, subd. (b)), two counts of assault with a deadly weapon (§ 245, subd. (a)(1)), two counts of rape in violation of former section 261.2 and a second count of robbery (§ 211). (*People v. Carrell*, *supra*, B115946.) More recently, Carrell had suffered a 1993 conviction for trespassing, a 1994 conviction for battery and a 1995 conviction for contempt of court by "violating a domestic court order preventing domestic violence." (*Ibid.*) Then, in September 1996, Carrell was arrested for possessing a controlled substance. He was granted diversion in that matter and was on probation in the case when he committed the present offense. The probation report continued, indicating that " '[i]f convicted as charged, [Carrell] is ineligible for probation. This ineligibility is due to convictions [Carrell] incurred over 10 years ago. His prior arrests were for extremely serious, violent crimes for which he was sentenced to state prison. Over the past four years he has incurred a number of arrests which indicate he may be resuming his previous pattern of criminal activity.' " (*Ibid.*)

Before sentencing Carrell for his conviction of possession of cocaine base and his admission he had been convicted of three prior strikes, the trial court reviewed Carrell's pre-conviction probation report. The trial court noted, although his more recent crimes had not been as serious or violent as his prior offenses of rape and robbery, Carrell was nevertheless " 'doing drugs,' " committing " 'petty theft [and] battery' " and " 'not showing up to court.' " (*People v. Carrell*, *supra*, B115946.) Under these circumstances, the trial court declined to strike any of Carrell's prior convictions pursuant to section

3

1385[4] and sentenced Carrell to 25 years to life in prison. The trial court then imposed, with regard to another case, a sentence of one year four months, the term to run consecutively to that imposed in the present matter. In total, the trial court sentenced Carrell to 26 years four months to life in prison.

Carrell filed a timely notice of appeal. On June 2, 1998, this court affirmed the judgment. The court concluded that, based upon his history, the imposition of a 25 years to life sentence in the present case "did not constitute cruel or unusual punishment. [Citations.]" (*People v. Carrell*, *supra*, B115946.)

On July 6, 1998, Carrell filed a petition for review of the judgment in the California Supreme Court. He again argued that imposition of a 25-years-to-life sentence in this matter amounted to cruel and unusual punishment and violated the Eighth Amendment of the United States Constitution. The Supreme Court denied the petition on August 12, 1998, in case No. S071635.

Carrell filed a petition for writ of habeas corpus in the Los Angeles Superior Court on May 1, 2013. Although in his petition Carrell asserted the sentence imposed in his case amounted to cruel and unusual punishment and violated principles of equal protection of the law and double jeopardy, his primary argument was that the trial court erred by failing to recall his sentence, then placing him in a drug treatment program pursuant to the provisions of Proposition 36. Carrell asserted that, under the provisions

---

[4] Section 1385, subdivision (a) provides in relevant part: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. . . ."

4

of section 1210.1, subdivision (a), he should have been granted probation.[5] However, subdivision (b) of section 1210.1 provides that "[s]ubdivision (a) shall not apply to either of the following:  [¶] (1) Any defendant who previously has been convicted of one or more violent or serious felonies as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, respectively, unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of both prison custody and the commission of an offense that result[ed] in a felony conviction other than a nonviolent drug possession offense, or a misdemeanor conviction involving physical injury or the threat of physical injury to another person."  Here, the opinion notes that the probation report filed in this matter indicates Carrell suffered a 1994 conviction for battery[6] and a 1995 conviction for contempt of court by "violating a domestic court order preventing domestic violence."  (*People v. Carrell*, *supra*, B115946.)

---

[5]    Section 1210.1, subdivision (a) provides in relevant part, "Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. . . ."

[6]    Section 242 defines battery as "any willful and unlawful use of force or violence upon the person of another."

The superior court addressed Carrell's petition in a Memorandum of Decision filed on May 22, 2013. After indicating it had read and considered Carrell's petition, the court denied it with prejudice by relying on section 1170.126.[7] The trial court indicated, since Carrell had "suffered a prior conviction of [forcibly committing a lewd or lascivious act upon a child under the age of 14 years in violation of] . . . section 288[, subdivision] (b), which appears [to be] a disqualifying offense in . . . section 667[, subdivision] (e)(2)(C)(iv)(III), . . . [Carrell was] ineligible for resentencing under . . . section 1170.126[, subdivision (e)(3)]."[8]

Carrell filed a timely notice of appeal from the trial court's order on June 20, 2013.

---

[7] Section 1170.126 provides in relevant part: "(a) The resentencing provisions under this section and related statutes are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to [the Three Strikes law], whose sentence under this act would not have been an indeterminate life sentence. [¶] (b) Any person serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence . . . before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section." The act which added this section, referred to as Proposition 36, was approved at the November 6, 2012 election and became effective the following day.

[8] Subdivision (e)(3) of section 1170.126 provides: "(e) An inmate is eligible for resentencing if: [¶]. . . [¶] (3) The inmate had no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." Section 667, subdivision (e)(2)(C)(iv)(III) provides: "A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288."

## CONTENTIONS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record.

By notice filed August 23, 2013, the clerk of this court advised Carrell to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. No response has been received to date.

## REVIEW ON APPEAL

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

## DISPOSITION

The trial court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CROSKEY, J.

We concur:

KLEIN, P. J.                                    KITCHING, J.

7